IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ELIZABETH DAWN VANCE**                                                                  **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 4:21-CV-71-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION[1]**              **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Elizabeth Dawn Vance filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 12. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

## FACTS

The plaintiff filed for benefits on August 12, 2019, alleging onset of disability commencing on January 31, 2014. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on February 22, 2021. (Dkt. 7 p.15-26). The Appeals Council denied the request for review, and this timely appeal followed.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Clerk of the Court is directed to change the docket accordingly.

The ALJ determined the claimant had the following severe impairments: Graves' disease, depressive disorder, anxiety disorder, and thoracic scoliosis with neuropathy. The ALJ found she retained the residual functional capacity (RFC) to perform light work with the ability to lift/carry and push/pull twenty pounds occasionally and ten pounds frequently. She can stand/walk and sit for six hours in an eight-hour workday. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally stoop, kneel, crouch, and crawl. She must avoid unprotected heights and hazardous moving machinery. She can understand, remember, and carry out simple instructions and perform simple routine tasks. She can sustain attention and concentration and persistence on task for two-hour periods throughout and eight-hour workday. She can occasionally interact with coworkers but never with the general public. She can adapt to simple, infrequent, and gradually-introduced changes to the workplace. She must avoid fast-paced, quota-based production-style jobs.

While the plaintiff cannot perform any of her past relevant work, the ALJ found, based on the testimony of the vocational expert, that there were other jobs in the national economy that would fit within her RFC. For example, the ALJ found she can work as a filling machine tender, inspector - hand package plastic, and routing clerk. Each of these jobs are unskilled and performed at the light exertional level. These three jobs represent 25,252, 120,587, and 34,924 jobs respectively in the national economy.

## ANALYSIS

The plaintiff contends the ALJ erred in his analysis of the medical opinions by failing to consider their supportability under 20 C.F.R. § 1520c(b)(2). The regulations provide "[t]he factors of supportability and consistency are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions […] to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's

medical opinions […] in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). Supportability and consistency are defined as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id*. at § 404.1520c(c)(1) and (2).

The ALJ discussed the contents of Dr. Michael Whelan's December 2019 mental status evaluation and "considered his examination findings in formulating the RFC" but noted that Dr. Whelan "did not give a functional analysis;" therefore, the ALJ did not analyze the report as a medical opinion. Dr. Whelan's written report is merely a recitation of the plaintiff's medical history, subjective complaints, and presentation on exam. While Dr. Whelan offers a few conclusory statements as to the plaintiff's apparent condition,[2] he does not provide an opinion regarding her functional limitations or capabilities. Because nothing in Dr. Whelan's report constitutes a medical opinion under the regulations, the ALJ was not required to "explain how [he] considered the supportability and consistency factors" under 20 C.F.R. § 404.1520c(b)(2). *See* 20 C.F.R. § 404.1513(a)(2) (defining "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions […]").

Nurse practitioner Lacy Perry provided a Physician Source Statement which the ALJ found "entirely inconsistent with her treating records" and thus unpersuasive. While the ALJ did

---

[2] Docket 7 at 777-78 (*e.g.*, "she does appear to have an anxiety disorder;" "[she] seemingly has difficulty maintaining her composure when she is in group settings;" "I think she also probably has features of a social anxiety disorder, and a depressive disorder is also likely with chronic depression, which affects her sleep and appetite").

not utilize the term "supportability" when evaluating Perry's opinion, the decision thoroughly discusses Perry's treatment records demonstrating the lack of support for her opinions within her own her own records. *See* 20 C.F.R. § 404.1520c(c)(1). The ALJ's decision clearly explains how he considered both the supportability and consistency of Perry's opinion as it relates to her own treatment records and the objective medical evidence as a whole.

Finally, the plaintiff takes issue with the ALJ's determination that DDS's opinion regarding the plaintiff's mental issues is "generally persuasive" because the State Agency physicians did not have the benefit nurse practitioner Perry's opinion when reviewing the evidence. However, because substantial evidence supports the ALJ's determination that Perry's opinion was unpersuasive, this argument fails.

The court finds the ALJ properly evaluated the record evidence as well as the supportability and consistency of nurse practitioner Perry's opinion under 20 C.F.R. §404.1520c(b)(2). Accordingly, there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. The Commissioner's decision is **AFFIRMED**.

**SO ORDERED**, this the 6th day of December, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**